UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PATRICE SMITH,
               Petitioner,

                                         **ORDER**
    -vs-                                No. 05-CV-0167(VEB)

ADA PEREZ, Superintendent,
Bedford Hills Correctional Facility,

               Respondent.
_____

*Pro se* petitioner Patrice Smith ("Smith" or "petitioner") has filed a petition for a writ of habeas corpus challenging her state-court conviction on two counts of murder in the second degree (intentional and felony murder) (N.Y. Penal Law ("P.L.") § 125.25(1), (3); § 20.00), and one count of robbery in the first degree (P.L. § 160.15(1); § 20.00). Petitioner was sentenced on December 1, 1999, to two indeterminate terms of imprisonment of twenty-five years to life for the murder convictions, and a ten-year determinate term for the robbery conviction, all terms to be served concurrently. Petitioner appealed her conviction and on November 15, 2002, the intermediate state appellate court unanimously affirmed the judgment of conviction. *People v. Smith*, 299 A.D.2d 941. Leave to appeal was denied by the New York Court of Appeals on February 17, 2004. *People v. Smith*, 1 N.Y.3d 610.

This federal habeas petition followed. (Docket No. 1). The parties have consented to disposition of this matter by a magistrate judge pursuant to 28 U.S.C. § 636(c)(1). (Docket No. 13).

According to respondent's Memorandum of Law in Opposition to the Petition (Docket

No. 10), petitioner filed a *pro se* motion dated February 18, 2005, in the state trial court to vacate the judgment of conviction and set aside her sentence pursuant to N.Y. Criminal Procedure Law ("C.P.L.") § 440.30, alleging ineffectiveness of trial counsel, involuntariness of her confession, prosecutorial misconduct, and erroneous exclusion of certain evidence. At the time that respondent filed his Answer (Docket No. 9) in opposition to the Petition, respondent indicated that the state court had not issued a decision on petitioner's C.P.L. § 440.30 motion. *See* Respondent's Memorandum of Law ("Resp't Mem.") at 1 (Docket No. 10). Accordingly, respondent argued, the claims asserted in the Petition that had been raised in the C.P.L. § 440.30 motion were unexhausted and/or procedurally defaulted. *See id.* at 2-6 (Docket No. 10).

In reviewing this file, the Court finds that the C.P.L. § 440.30 motion papers are necessary in order to determine how to address the claims raised in Smith's habeas Petition. Accordingly, the Court requests respondent search her files and provide to the Court (1) copies of the C.P.L. § 440.30 motion papers and exhibits submitted by both parties, and (2) all related orders issued in connection with the C.P.L. § 440.30 motion. The Court asks that respondent respond to this Order **within thirty (30) days**, with copies of his response and related documents also provided to petitioner.

**ALL OF THE ABOVE IS SO ORDERED.**

/s/ Victor E. Bianchini

_____
VICTOR E. BIANCHINI
United States Magistrate Judge

Dated: March 15, 2010
       Buffalo, New York.